UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE   DIVISION

Duplechain                                        Civil Action No. 15-02433

versus                                              Judge Rebecca F. Doherty

Neustrom, et al                              Magistrate Judge Carol B. Whitehurst

REPORT AND RECOMMENDATION

Currently pending before the undersigned, on referral by the district judge, is a Motion To Dismiss For Insufficient Service and Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(5), and Fed. R. Civ. P. 12(b)(1), filed by Defendant, Louise Segura Young. [Rec. Doc. 74], and Plaintiff, Steven Duplechain's, Memorandum in Opposition [Rec. Doc. 76]. For the reasons set forth below, the undersigned recommends that the Motion To Dismiss for Lack of Subject Matter Jurisdiction and the Motion To Dismiss For Insufficient Service be denied.

*I. Background*

According to the Amended Complaint, on July 28, 2015, pursuant to a Court Order, Deputy Girrens escorted Angela Marie Darby and Louise Segura Young to Plaintiff's home to collect Darby's "personal clothing and necessities." Plaintiff alleges Darby and Young, while in his home, burglarized and stole Plaintiff's belongings without his consent.  Upon Plaintiff's contacting the Lafayette Parish

Sheriff's Office and reporting the burglary and theft, Deputy Girrens was dispatched to Plaintiff's residence. After arrival, Girrens arrested Plaintiff based on a bench warrant. Plaintiff alleges Girrens failed to confirm the validity of the warrant, failed to advise him of his rights upon arrest and failed to allow him to immediately contact anyone or obtain the paperwork related to the matter for which he was being arrested.

Plaintiff further alleges, at the time he was booked at the Lafayette Parish Correctional Center ("LPCC"), he informed the staff that he was unable to defend himself from attack by others because of "screws and plates in his body." He contends he was determined to be a "minimum security" custody level to be housed in "protective custody." Despite this classification, however, Plaintiff was assigned to 4E pod, a unit he alleges was classified as "special management" for maximum security offenders.

Plaintiff also alleges, on July 29, 2015, two offenders, Tre'vin Bob and Deangelo Celestine, were successful in breaking through the lock on the door to his housing unit at the LPCC. Plaintiff pressed the emergency call button in his cell, but jail staff allegedly did not respond. Plaintiff asserts that several hours later, the two offenders attempted to reenter his cell and he was stabbed with a home-made metal weapon during a struggle that ensued.

Plaintiff contends that the LPCC report regarding the attack provided that

Deputy Daigle witnessed Celestine "pop" the lock on his cell and enter the cell of Bob. Thereafter, both offenders walked toward Plaintiff's cell. Plaintiff alleges that Bob had a history of assaultive and violent behavior, including a July 24, 2015 attack upon another prisoner, Wesley Bienvenue. Plaintiff contends that no effort was made to locate the weapon used to stab him.

On July 30, 2015, Plaintiff appeared before the state court judge where he learned that the judge had previously ordered that he be permitted to pay a contempt fee of $50.00 in lieu of serving jail sentence. Plaintiff alleges he was denied the right to pay the fee and was later released after serving two days in jail.

Plaintiff filed this action on September 28, 2015, asserting claims under 42 U.S.C. § 1983, §1988, and Constitutional Amendments IV, VIII and XIV and, on October 20, 2015, filed a First Amended and Supplemental Complaint for Damages ("First Amended Complaint").[1] *R. 1 and 3.* On June 13, 2017, Plaintiff filed a Second Amended Complaint naming Louise Segura Young ("Young") as a

---

[1] Named as defendants in the Original and First Amended Complaint were Michael W. Neustrom, individually and in his official capacity as the Sheriff of Lafayette Parish, Louisiana; Rob Reardon, individually and in his official capacity as the Lafayette Parish Sheriff's Office's Director of Corrections; Lafayette Consolidated Government; Lester Joseph "Joey" Durel Jr., in his official capacity as the duly elected City-Parish President for Lafayette Consolidated Government; Hannah Girrens and Kanan Daigle, each individually and in their official capacities as Deputy Sheriffs for the Lafayette Parish Sheriff's Office; Angela Marie Darby; Tre'vin Bob and Deangelo Celestine.

Defendant. [Rec. Doc. 42].² Thereafter, Young filed the motion at bar. [Rec. Doc. 74].

In her Motion, Defendant Young seeks to have the claims against her dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(5), on the grounds that this Court lacks subject-matter jurisdiction over plaintiff's allegations against her and that she was not properly served with notice of this claim. The Court will address the motions as follows.

## II. Law and Analysis

### A. Motion to Dismiss based on Lack of Subject Matter Jurisdiction Under 12(b)(1)

Defendant contends this Court lacks Subject Matter Jurisdiction because there is no basis for diversity jurisdiction and "federal question is not a component of plaintiff's claims against her." *R. 74, p.10*. Plaintiff contends subject matter jurisdiction arises under "28 U.S.C. §1367 as supplemental to the original federal question jurisdiction over the primary causes of action, which are against the government defendants under 43 U.S.C. §1983, et seq. and §1988." *R. 76, p. 2.*

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *28 U.S.C. §1331.* A

---

² The Second Amended Complaint added Young as a defendant, but did not name Lester Joseph "Joey" Durel Jr., Hannah Girrens or Kanan Daigle, as defendants in any capacity.

case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur. Inc. v.* McVeigh, 126 S.Ct.2121(2006). In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. *28 U.S.C.A. § 1367(a)*.

    A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. *Fed. R. Civ. P. 12(b)(1)*. The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiff. *Truman v. United States,* 26 F.3d 592, 594 (5th Cir.1994). Moreover, the Court may consider affidavits and other evidence outside the pleadings in resolving a motion to dismiss under Rule 12(b)(1). *Williamson v. Tucker,* 645 F.2d 404, 412–13 (5th Cir.1981). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001).

Plaintiff has asserted claims against the governmental defendants, pursuant to 42 U.S.C. §1983, §1988 and the Constitution, which arise out of his arrest by a Lafayette Parish Sheriff's deputy after the deputy responded to Plaintiff's report of Young's theft.  Plaintiff's claims against the governmental defendants also arise out of an attack upon him by other inmates when he was detained at LPCC following his arrest.   Thus, his state claims against Young arise out of the same case or controversy as the arrest which resulted from his reporting of the theft. Since these claims derive from a common nucleus of operative fact, this Court finds it has supplemental jurisdiction over Defendant Young under  28 U.S.C. §1967.

*II.  Motion to Dismiss based on Insufficient Service of Process Under 12(b)(5)*

Young  contends that she was not served with the Second Amended Complaint which is the only complaint  actually naming her as a defendant in this matter.  (Young claims she was served with a summons with the Original Complaint and the First Amended Complaint attached, rather than with a summons and the Second Amended Complaint). Young further contends that said service was hand delivered  on November 30, 2016, more than 150 days after issuance of the summons on June 13, 2016, violating the 90-day period allowed for proper service of process. Finally, she contends that the service was delivered by an

unnamed male rather than Shayna Bolgiano as attested to in the "Proof of Service." *R. 74, p. 8*.

Plaintiff contends that after six unsuccessful attempts to serve Young, he filed a Motion to Extend Time to Effect Service and that this Court extended the deadline to serve Young until December 1, 2016. [Rec. Doc. 67, 68]. Thus, he claims service on November 30, 2016, was timely. Plaintiff further contends that Young has no evidence backing her assertions that she was not served by the person attesting to service and that she was not served with a copy of the correct complaint. Plaintiff argues that the Proof of Service in the record [Rec. Doc. 73] proves that Young was served by Shayna Bolgiano rather than an unnamed male server.

Fed. Rule Civ. P. 12(b)(5) provides for dismissal of a claim if service was not timely made in accordance with Fed. Rule Civ. P. Rule 4 or was not properly served in the appropriate manner. Fed. Rule Civ. P. Rule 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, a Court faced with a defendant's 12(b)(5) motion to dismiss for failure to timely serve must undertake a two-part inquiry. First, the Court must determine if

the plaintiff can show "good cause" for its failure to timely serve. If good cause exists, the Court is required to extend the 90 day period for service of process. If good cause does not exist, the Court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Pugh v. Bank of Am.*, 14766, 2017 WL 1427015, (E.D. La. 2017).

 This Court finds that the service on Young on November 30, 2017 was within the extended time to serve granted by this Court. Defendant, however, asserts that the Second Amended Complaint, which named her as a defendant, was not attached to the summons. While neither party has submitted evidence as to whether or not Young was served a copy of the Second Amended Complaint, the burden is on Plaintiff to show that service was valid. *Sys. Signs Supplies v. U.S. Dep't Justice*, 903 F. 2d 1011, 1013 (5th Cir. 1990). While Plaintiff has filed Proof of Service into the record indicating that Young was, in fact, served with a summons, this Court cannot discern from the Proof of Service whether a copy of the Second Amended Complaint was attached. Nevertheless, in the event Defendant did not receive an actual copy of the Second Amended Complaint, this Court has discretion to extend time for service in order for Plaintiff to either obtain a waiver of service from Defendant or re-serve Defendant with the Second Amended Complaint. Accordingly, this Court recommends that Defendant's

Motion to Dismiss for Insufficient Service be DENIED without prejudice to Defendant's right to re-urge the motion at a later date.

## Conclusion

For the reasons explained above, this Court recommends that the Motion to Dismiss for Lack of Subject- Matter Jurisdiction be DENIED. This Court also recommends that the Motion to Dismiss For Insufficient Service be DENIED at this time, with the stipulation that Plaintiff obtain a waiver of service from Defendant or re-serve Defendant with the Second Amended Complaint through her counsel of record within 21 days. The Defendant shall maintain the right to re-urge her motion, if appropriate, after the Second Amended Complaint has been re-served or in the event service is not effected.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 2nd day of June, 2017 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE