**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **STEVEN DUPLECHAIN, III** | **CIVIL ACTION NO. 6:15-2433** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **MICHAEL W. NEUSTROM,** | |
| **ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**RULING AND ORDER**

Pending before the undersigned are three motions filed by the *pro se* plaintiff,

Steven Duplechain, III: (1) Motion for Sanctions Against Law Office of L. Clayton

Burgess [Doc. 161];[1] (2) Motion for Sanctions Against William H. Parker, III of

Allen & Gooch [Doc. 162]; and (3) Motion for Reconsideration of the undersigned's

Ruling on Motion to Compel [Doc. 163].[2]  For the following reasons, all of the

motions are **DENIED.**

> 1.   **Motion for Sanctions Against law Office of L. Clayton Burgess [Doc. 161]**

In his motion for sanctions against Mr. Burgess, the plaintiff argues, in essence,

that Mr. Burgess did not provide him with a complete copy of his case file upon

---

[1] This motion is unopposed, however this Court notes Mr. Burgess has been withdrawn from this matter since July 12, 2018, and, therefore, no longer receives notifications of docket activity – and, therefore, motions filed – in the case.

[2] The latter two motions are opposed by the defendant at Doc. 174.

withdrawing as his counsel in the case. The documentation provided by the plaintiff, however, shows that Mr. Burgess emailed to the plaintiff a file share link, which contained a copy of the plaintiff's case file. After the plaintiff complained that he was having trouble downloading the file, Mr. Burgess's office immediately downloaded the case file to a computer disc, and made that disc available to the plaintiff. The plaintiff now complains that the disc does not contain several "email chains" that the plaintiff already has in his possession, and therefore, that the case file provided by Mr. Burgess is not complete.

Rule 1.16(d) of the Louisiana Rules of Professional Conduct requires the following:

> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. **Upon written request by the client, the lawyer shall promptly release to the client or the client's new lawyer the entire file relating to the matter. The lawyer may retain a copy of the file but shall not condition release over issues relating to the expense of copying the file or for any other reason**. The responsibility for the cost of copying shall be determined in an appropriate proceeding.

La St. Bar. Art. 16, R.P.C. Rule 1.16(d) (emphasis added).

Here, it appears that Mr. Burgess made the plaintiff's file available to the plaintiff in two different ways: first, by emailing a file share link to the file, and

second, by burning the contents of the file onto a computer disc at Mr. Burgess's expense and making that disc immediately available to the plaintiff. Under these circumstances, the undersigned finds Mr. Burgess complied with his duties under the Rules of Professional Conduct to provide the plaintiff with a copy of his case file. Regarding the plaintiff's argument that certain emails are missing from the file, it appears the "missing" emails are already in the possession of the plaintiff, and any suggestion that the plaintiff is entitled to sanctions for his former counsel's failure to produce that which the plaintiff already has is misplaced.

Considering the foregoing, the plaintiff's Motion for Sanctions against Mr. Burgess and his law office is **DENIED.**

2.    **Motion for Reconsideration of the Undersigned's Ruling on Motion to Compel [Doc. 163]**

The plaintiff filed an "Objection" to this Court's Ruling on his Motion to Compel [Doc. 159], which the undersigned granted in part and denied in part on February 15, 2019 [Doc. 159]. The plaintiff brings the motion under Rule 46 of the Federal Rules of Civil Procedure, which states:

> A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

Fed.R.Civ.P.46.

As an initial matter, the undersigned is mindful that the Fifth Circuit has recognized that "[b]ringing a case pro se is challenging ... [and the courts] traditionally extend leniency to pro se litigants[.]" *Alexander v. McAdams*, 2017 WL 5642328, at *2 (N.D. Miss. Apr. 18, 2017), *aff'd*, 694 F. App'x 366 (5th Cir. 2017), *citing Jones v. FJC Sec. Servs., Inc.*, 612 Fed.Appx. 201, 203 (5th Cir. 2015). Because Duplechain is proceeding *pro se* in this matter, the Court will construe his allegations liberally. *See, e.g., S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).

Although filed as an "Objection" to the undersigned's Ruling, the motion is deemed a motion for reconsideration of the undersigned's ruling. Specifically, the plaintiff seeks reconsideration of the undersigned's ruling denying the plaintiff's Requests for Production Nos. 6-8. The undersigned deemed those requests satisfied.

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Conklin v. Dir., TDCJ-CID*, 2012 WL 1034023, at *1 (E.D. Tex. Mar. 26, 2012), *citing Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). The timing of the motion affects the standard to be applied to the motion. If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1. Here, the

ruling on the motion to compel was filed on February 15, 2019, and the plaintiff filed

his motion for reconsideration on February 19, 2019, well within the 28-day period

required for a Rule 59(e) motion. Accordingly, the Court will construe the motion

as one under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment."

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004), *quoting In Re*

*Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A Rule 59(e) motion is "not

the proper vehicle for rehashing evidence, legal theories, or arguments that could

have been offered or raised before the entry of judgment." *Id.* at 479, *citing Simon*

*v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Instead, "Rule 59(e) 'serve[s]

the narrow purpose of allowing a party to correct manifest errors of law or fact or to

present newly discovered evidence.'" *Id.*, *quoting Waltman v. Int'l Paper Co.*, 875

F.2d 468, 473 (5th Cir.1989). "Relief under Rule 59(e) is also appropriate when there

has been an intervening change in the controlling law." *Schiller v. Physicians*

*Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Most importantly, it is well-settled

that altering, amending, or reconsidering a judgment is an extraordinary remedy that

courts should use sparingly. Templet, 367 F.3d at 479, *citing Clancy v. Employers*

*Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La.2000).

Here, in the ruling at issue, the undersigned set forth an item-by-item ruling on

the requests listed in the plaintiff's motion to compel, granting some of those requests and denying others. The plaintiff's requests in question, Nos. 6-8, sought the following:

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 6:**

Please produce a copy of any incident report(s), investigative report(s) generated regarding the allegations made subject of this suit occurring on or about July 28, 2015 and July 29, 2015 as well as all incident report logs.

**DEFENDANT'S RESPONSE**: Objection. This request calls for information gathered in the anticipation of litigation or in preparation for trial and is therefore outside the scope of discovery. However, subject to the foregoing objections, please find incident report attached hereto as LPSO00001-00002.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 7:**

Please produce a copy of any and all documents in your possession which purports to bear the signature of Steven Duplechain, III.

**DEFENDANT'S RESPONSE**: Objection. The request is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, please see enclosed LPSO00083-000127.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 8:**

Please produce a copy of any and all training curriculum for correctional officers including but not limited to training that involves the use of force.

**DEFENDANT'S RESPONSE:** Objection. The request is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, please see attached LPSO000128-000142.

Based upon the briefing presented to the Court at the time of the ruling, the undersigned determined that the foregoing requests had been satisfied by the defendants. Review of the record shows the plaintiff has presented no new evidence in support of the arguments he raised in his original motion to compel, nor has there been a change in the controlling law of this case. Cognizant of the principle that altering an order is an extraordinary remedy that courts should use sparingly, the undersigned finds no grounds upon which to alter its original ruling on these requests, and the motion for reconsideration is therefore **DENIED**.

3. **Motion for Sanctions Against William H. Parker, III of Allen & Gooch [Doc. 162]**

In his motion, the plaintiff argues that Mr. Parker should be sanctioned for failing to produce a copy of a video in an unedited format in response to discovery request. The record shows that the videotape in question has been provided to the plaintiff and has been in the plaintiff's possession since October 2015. The plaintiff's argument that defense counsel has somehow tampered with the video is not supported.

Thus, after a review of the record in this matter, the undersigned concludes that

Mr. Parker has not violated the Federal Rules of Civil Procedure, including Rule 11,

in providing the videotape in the manner in which it was provided, and the motion for

sanctions against Mr. Parker is, therefore, **DENIED.**

Signed at Lafayette, Louisiana, this 15th day of April, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE