# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| STEVEN DUPLECHAIN, III | Civil Action No. 6:15-2433 |
| versus | Judge Robert R. Summerhays |
| MARK GARBER, ET AL. | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

On March 4, 2022, from 10:00 a.m. to 10:30 a.m.,[1] the undersigned magistrate judge conducted a telephone conference at the request of defense counsel, William H. Parker, III, to discuss the status of this matter in advance of the May 2, 2022 trial date. All counsel and the *pro se* plaintiff were ordered to attend [Doc. 218]; notice was emailed to the *pro se* plaintiff at his email address listed on the docket sheet. Despite being ordered to appear, the plaintiff failed to appear at the conference, and only Mr. Parker made an appearance. For the reasons that follow, the undersigned recommends dismissal without prejudice of the remaining claims in this matter – the plaintiff's claims against Mark Garber -- for failure to prosecute and for failure to comply with court orders under Federal Rule of Civil Procedure 41(b).

---

[1] Statistical time: 30 mins.

The above-captioned matter was filed on September 28, 2015, more than 6 years ago. Plaintiff was originally represented by counsel, who was permitted to withdraw in July 2018. At that time, the plaintiff was ordered to notify the Court in writing whether he intended to enroll new counsel or proceed *pro se* [Doc. 130]. On August 30, 2018, the plaintiff requested additional time to enroll new counsel [Doc. 133]; that motion was granted [Doc. 134]. On September 27, 2018, the plaintiff again requested additional time to enroll new counsel [Doc. 135]; that motion was granted [Doc. 136]. On October 30, 2018, the plaintiff notified the Court that he intended to proceed *pro se* [Doc. 137].

Since that time, a review of the docket sheet shows the history of the plaintiff's persistent failure to prosecute his claims. On February 15, 2019, the Clerk of Court dismissed Berkley Insurance Company as a defendant in this matter, for failure of the plaintiff to serve the summons and complaint within 90 days of institution of the civil action and failure of the plaintiff to show good cause for this deficiency [Doc. 157]. On the same date, defendants Tre'vin Bob and Deangelo Celestine were similarly dismissed by the Clerk on grounds that no responsive pleadings had been filed or default entered within sixty (60) days after service of the summons and complaint [Doc. 160]. On February 25, 2019, the plaintiff filed motions to cure the aforementioned deficiencies [Docs. 168 & 169), however, the undersigned denied those motions on February 26, 2019, explaining:

2

> This matter has been pending for over three years and the record indicates that the defendants who are the subject of this motion were served in January 2016 and have failed to answer. Plaintiff did not file a motion for extension of time to seek entry of default within 14 days of the issuance of the Notice of Intent to Dismiss and has failed to show good cause to reopen the case against these defendants.

[Docs. 170 & 171].

On February 22, 2021, the Clerk issued a Notice of Intent to Dismiss Angela Marie Darby, Louise Segura Young for Failure to take default 60 days after service [Doc. 208]. Again, the plaintiff filed a Motion for Extension of Time [Doc. 209] to cure his deficiencies. However, on February 24, 2021, the undersigned denied his motion, explaining:

> The Court finds that Plaintiff has failed to show good cause for his failure to prosecute his claims. This matter has been pending for more than five years and the defendants at issue were served more than three years ago. Plaintiff submits that issues regarding the COVID 19 pandemic justify his delay. However, such issues do not excuse Plaintiff's neglect to prosecute this case for the past three years. For these reasons, Plaintiff's motion for extension of time is denied.

[Doc. 210].

A Scheduling Order was issued by the Court on March 3, 2021, setting this matter for trial on May 2, 2022 [Doc. 212]. On the same date, the undersigned issued an Order to Show Cause [Doc. 213], ordering the plaintiff to appear in open court on March 11, 2021 and show cause why his remaining claims in this matter, all alleged against Mark Garber, should not be dismissed for failure to prosecute. On March 8, 2021, the plaintiff filed a motion for a continuance of the hearing on

3

grounds he had a medical procedure scheduled on March 11, 2021 and would be on bedrest for approximately 3 weeks following the procedure [Doc. 214]. In light of the foregoing, the undersigned canceled the Show Cause hearing [Doc. 216] but reminded the parties of the importance of adhering to the deadlines contained in the Scheduling Order.

The first deadline in the Scheduling order was the Rule 26(f) conference and the joint submission of a Rule 26(f) Report by the parties. On April 28, 2021, defense counsel submitted his Rule 26(f) Report inserts, noting therein:

> [U]ndersigned counsel directed email correspondence to the pro se plaintiff, Stephen Duplechain, on April 19, 2021 requesting his inserts for this filing to be forwarded to undersigned by April 23, 2021. A reminder e-mail was sent to Mr. Duplechain on April 22, 2021. No reply was received from Mr.Duplechain, thus Defendant is providing his own contributions. Undersigned counsel was advised the deadline for the instant filing would be extended until April 28,2021.

[Doc. 217].

Considering the imminent trial date of May 2, 2022, on February 24, 2022, the undersigned magistrate judge ordered that all counsel and the *pro se* plaintiff convene for a telephone status conference on March 4, 2022 at 10:00 a.m. Although Mr. Parker participated in the conference for the defendant, the plaintiff did not appear. In light of the history of plaintiff's deficiencies in this matter, the defendant orally moved to dismiss the remaining claims in this case for failure to prosecute.

Fed.R.Civ.P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985).

Dismissals with prejudice are "reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Boudwin*, 756 F.2d at 401, *citing Rogers v. Kroger,* 669 F.2d at 320. *See also Jones v. Caddo Parish School Bd.,* 704 F.2d 206 (5th Cir.1983). Those aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant. *Morris v. Ocean Systems, Inc.,* 730 F.2d 248 (5th Cir.1984).

In addition to the foregoing, the court must consider lesser sanctions. That consideration and the court's findings that lesser sanctions would be inadequate, must be on the record for "such findings of fact are essential for our consideration of the inevitable argument that the dismissal was an abuse of its discretion." *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir.1984). In *Rogers,*

669 F.2d at 321–22, the Court noted several such lesser sanctions which might be considered: "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket."

In the instant case, the plaintiff has demonstrated a repeated failure to prosecute his claims and to comply with Court orders. The plaintiff has failed to abide by the scheduling order and has failed to attend conferences ordered by the Court for the purpose of advancing the case. He failed to participate in the Rule 26(f) conference and failed to prepare and submit his inserts to the Rule 26(f) Report. The Court has extended numerous deadlines in an effort to accommodate the *pro se* plaintiff, however, the plaintiff has made no discernable effort to prosecute the matter. Lesser sanctions have been considered by the undersigned, however, the age of the case and the repeated failure of the plaintiff to advance the case warrant a dismissal without prejudice at this time.

Considering that the plaintiff has failed to prosecute his remaining claims against Mark Garber, and further considering that this matter is more than six years old, the undersigned RECOMMENDS that the plaintiff's remaining claims in this mater be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 7th day of March, 2022 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE